IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PAULETTE A. CHATMAN,**<br><br>**Plaintiff,**<br><br>v.<br><br>**WILLIAMSON COUNTY, et al.,**<br><br>**Defendant.** | Case No. 24-CV-02454-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court on Defendants Williamson County Sheriff's Office and Bradley Thornton's Unopposed Motion for Reassignment and Unopposed Motion for Consolidation Based on Relatedness. (*See* Doc. 17). This is a personal injury action arising from a motor vehicle accident that occurred between a police vehicle driven by Defendant Bradley Thornton and a vehicle in which Plaintiff Chatman was a passenger. (*See* Doc. 1). The instant case was filed in federal court on November 8, 2024 with Chief District Judge Nancy J. Rosenstengel assigned. (*See* Docs. 1, 4). The Defendants seek to consolidate this case with another case before this Court, *Thompson v. Thornton*, No. 24-CV-02622-SPM (S.D. Ill.), which concerns the same motor vehicle accident; Plaintiff Jasmine Thompson was the driver of the vehicle in which Plaintiff Chatman was riding. Plaintiff Thompson initially filed her case[1] in Williamson County Circuit Court on November 7, 2024. *See id.* (Doc. 1, Ex.

---

[1] Plaintiff Thompson brought suit on her own behalf and on behalf of four minor children riding in the car with her on the date in question. *See* No. 24-CV-02622-SPM (S.D. Ill.) (Doc. 1).

A). Chief Judge Rosenstengel transferred Plaintiff Chatman's case to this Court. (*See* Doc. 18). The Defendants indicate that both Plaintiffs concur with the consolidation of these cases for discovery purposes. (*See* Doc. 17, p. 2).

Pursuant to Federal Rule of Civil Procedure 42(a), a court may consolidate actions when they "involve a common question of law or fact." Here, the two cases involve common questions of both law and fact, as they arise out of the same set of operative facts, and assert similar, if not identical, causes of action. Therefore, the Defendants' Unopposed Motion for Consolidation Based on Relatedness (Doc. 17) is **GRANTED**. Accordingly, Case Numbers 24-CV-02454-SPM and 24-CV-02622-SPM are hereby **CONSOLIDATED** with Case Number 24-CV-02622-SPM designated as the lead case. The Clerk of Court is **DIRECTED** to file a copy of this Order in both cases; however, all future filings shall be made only in case number 24-CV-02622-SPM. However, this does not preclude future severance of these cases by the Court pursuant to Federal Rule of Civil Procedure 21 as necessary for efficiency, fairness, and judicial economy.

Plaintiffs are **ORDERED** to file one (1) amended pleading that identifies all defendants and sets forth all potential causes of action. Plaintiffs are reminded that they cannot refer to prior pleadings and that amendments are not accepted piecemeal. In other words, the amended complaint will become the operative complaint, superseding all previous pleadings. Plaintiffs shall have twenty-one (21) days (no later than February 6, 2025) to file said amended complaint. Defendants will then have twenty-one (21) days to respond to the amended complaint. The Scheduling Conference scheduled for January 30, 2025 is **CANCELLED**. This Court will set a

scheduling conference once the Defendants file their answer. Additionally, in accordance with Local Rule 15.1(b)(3), the pending Motion to Dismiss (Doc. 15) is **DENIED as moot**. The Defendants Unopposed Motion for Reassignment (Doc. 17) is also **DENIED as moot**.

**IT IS SO ORDERED.**

**DATED:   January 16, 2025**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
